Filed 5/11/26  David R. v. Sells CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| DAVID R.,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN SELLS,<br><br>　　　Defendant and Appellant. | A172453<br><br>(Humboldt County<br>Super. Ct. No. CV2401517) |

Jonathan Sells (Appellant) appeals from a civil harassment restraining order (Code Civ. Proc., § 527.6)[1] protecting David R. (Respondent).  We affirm.

## BACKGROUND

In August 2024, Respondent filed a request for a civil harassment restraining order alleging harassment by Appellant starting in February 2023.  At an evidentiary hearing held in November 2024, Respondent, Appellant, and Appellant's wife testified.  Respondent also submitted into evidence and played for the court videos from his home security system.

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

1

The court subsequently issued a written decision finding by clear and convincing evidence that Appellant engaged in harassment against Respondent.[2]  The court specifically found Appellant had subjected Respondent to "long and continuing verbal abuse," including slurs based on Respondent's sexual orientation; had twice "used his pickup truck to intimidate [Respondent]"; and "frequently drives by [Respondent's] house, revving his engine, speeding, and exceeding decibel levels of over 100."  The court noted that Appellant denied harassment in his testimony, but found that "[v]ideo evidence establishes, however, that [Appellant] lacks credibility in his denials of harassing conduct."  In contrast, the court found "[Respondent] credible in his version of the facts[.]  The harassing behavior has been ongoing since 2023, gradually escalating in intensity in 2024."  A five-year civil harassment restraining order issued.

## DISCUSSION

I.    *Motions in Limine*

Prior to the evidentiary hearing, Appellant filed two motions in limine. Appellant argues the trial court erred in denying both motions.  We reject the challenges.

A.    *Issue Preclusion*

Appellant's first motion in limine argued that Respondent was precluded from relying on allegations of harassment he made in an April 2024 petition, which had been denied.  Appellant did not attach that petition,

---

[2] " 'Harassment' is unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.  The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner."  (§ 527.6, subd. (b)(3).)

2

but attached the written denial by a different bench officer. The decision on the April 2024 request concluded, "While it is clear that the parties have ongoing disagreements, the Court does not find by the evidence presented at the hearing that there is" harassment within the meaning of the statute. In denying Appellant's motion in limine, the trial court reasoned, "the accumulation of facts presented previously did not individually disqualify those facts from further consideration as being part of a continuing course of conduct. Instances of alleged harassment that may not cumulatively support a finding . . . that civil harassment was proven are nevertheless susceptible of being considered as part of a continuing course of conduct should there be additional evidence that shows their substance and relevance."[3]

"In order for issue preclusion to apply, the following elements must be met: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) the issue must have been actually litigated in the former proceeding; (3) the issue must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits; and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." (*Williams v. Doctors Medical Center of Modesto, Inc.* (2024) 100 Cal.App.5th 1117, 1131–1132 (*Williams*).) "The party asserting issue preclusion has the burden of establishing the above elements." (*Id.* at

---

[3] " 'Course of conduct' is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email." (§ 527.6, subd. (b)(1).)

3

p. 1132.) "A lower court's application of issue preclusion is reviewed de novo." (*Ibid.*)

We agree with the trial court that Appellant failed to establish the identical issue was litigated in the prior proceeding. " ' "The 'identical issue' requirement addresses whether 'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." ' " (*Williams, supra,* 100 Cal.App.5th at p. 1132.) The issue decided in the prior proceeding was whether the incidents through April 2024 constituted harassment. The issue presented in the underlying proceeding was whether the incidents through November 2024 constituted harassment. The trial court's decision discusses multiple incidents taking place after April, and therefore the issues are not identical. Moreover, the incidents considered in the first petition were relevant to whether Appellant's harassing course of conduct was likely to recur. (See also *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 190 ["Behavior that may not alone constitute an intentionally harassing course of conduct logically still might show an intention to resume or continue an already established course of harassing conduct"].)

B.    *Postpetition Events*

Appellant's second motion in limine sought to bar Respondent from introducing evidence at the November 2024 hearing regarding incidents that were not included in the August petition. Because more than three months had elapsed between the filing of the petition and the hearing, and because the trial court had denied Respondent's request for a temporary restraining order, this motion sought to bar Respondent from introducing evidence of events occurring after the August petition was filed. The court denied the motion.

4

Appellant relies solely on the proposition that "parties cannot introduce evidence about issues outside the pleadings." (*Emerald Bay Community Assn. v. Golden Eagle Ins. Corp.* (2005) 130 Cal.App.4th 1078, 1091.) To be sure, "[w]hen evidence is not pertinent to the issues raised by the pleadings, the evidence is irrelevant and it is proper to preclude the introduction of such evidence." (*Schweitzer v. Westminster Investments, Inc.* (2007) 157 Cal.App.4th 1195, 1214.) But Respondent's petition raised the *issue* of whether Appellant had engaged in harassment. Appellant has not established that Respondent was obligated to allege each *evidentiary fact* in support of this issue. " '[T]he complaint need only allege facts sufficient to state a cause of action; each evidentiary fact that might eventually form part of the plaintiff's proof need not be alleged.' " (*Pich v. Lightbourne* (2013) 221 Cal.App.4th 480, 495.)

## II. *Substantial Evidence*

Appellant argues no substantial evidence supports the trial court's finding of harassment by clear and convincing evidence. We disagree.

As an initial matter, Appellant's statement of the facts regarding the harassment relies almost exclusively on his own testimony, and includes none of Respondent's testimony about Appellant's conduct. "An appellant challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law. [Citations.] An appellant who fails to cite and discuss the evidence supporting the judgment cannot demonstrate that such evidence is insufficient. . . . An appellant, such as [Appellant], who cites and discusses only evidence in [his] favor fails to demonstrate any error and waives the contention that the evidence is

5

insufficient to support the judgment." (*Rayii v. Gatica* (2013) 218 Cal.App.4th 1402, 1408.)

In any event, Appellant's challenge is unavailing. Appellant argues Respondent provided no evidence to corroborate his testimony. But " '[t]he testimony of a single witness may be sufficient to constitute substantial evidence.' " (*Citizens Business Bank v. Gevorgian* (2013) 218 Cal.App.4th 602, 613.) Moreover, Respondent *did* present corroborating evidence: his home security videos. While Appellant challenges the trial court's finding that the videos establish Appellant engaged in harassing conduct, he chose not to submit the videos as part of the record on appeal. " '[W]here exhibits are missing [from the record on appeal] we will not presume they would undermine the judgment.' " (*Hiser v. Bell Helicopter Textron Inc.* (2003) 111 Cal.App.4th 640, 657.)

Appellant also challenges the following finding in the trial court's written order: "[Respondent] has similarly been harassed by his next-door neighbor, Derek Daniels. This court authorized the issuance of a restraining order against Daniels on November 20, 2024 for similar harassment. The evidence establishes that [Appellant] and Daniels are acquaintances, having been seen by [Respondent] on at least six occasions together at Daniels' residence next door." Although Appellant does not include it in his brief, the court immediately followed these sentences with, "On September 15, 2024, [Respondent] overheard Daniels and [Appellant] talking in front of his house, discussing their intentions to harass [Respondent] until he could no longer function." Assuming, without deciding, that it would be improper for the trial court to rely on Appellant's association with Daniels, Appellant has not established this association was material to the trial court's finding that Appellant engaged in harassment. " 'As an aspect of the presumption that

6

judicial duty is properly performed [(Evid. Code, § 664)], we presume . . . that the court knows and applies the correct statutory and case law [citation] and is able to distinguish admissible from inadmissible evidence, relevant from irrelevant facts, and to recognize those facts which properly may be considered in the judicial decisionmaking process.' " (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1526.)

III.    *Evidentiary Ruling*

Appellant argues the trial court erred in refusing to admit a letter Appellant attempted to put in evidence. We conclude any error was harmless. (See *Zuniga v. Alexandria Care Center, LLC* (2021) 67 Cal.App.5th 871, 888 ["The trial court's error in excluding evidence is grounds for reversing a judgment only if the party appealing demonstrates a 'miscarriage of justice'—that is, that a different result would have been probable if the error had not occurred"].)

The excluded letter was written by a social worker at the Eureka Veterans Affairs medical clinic in 2020, and stated that Respondent "has received care with the Eureka VA Medical Clinic since April 2019. [Respondent] experiences functional limitations imposed by an emotional/mental health-related issue as a result of his military service." Appellant argues this letter would have undermined Respondent's credibility by contradicting his testimony that he started seeing a therapist in 2021. In fact, Respondent was asked when he saw a doctor "in relationship to the anxiety *that these events have caused*?" (Italics added.) In answering this question, Respondent testified, "So since 2021, that started with Daniels, and then again, when this started up with [Appellant], I saw -- maybe it was February, March. I can't exactly recall. I started seeing a therapist again on coping mechanisms to deal with this." The letter's representation that

7

Respondent began seeing a therapist in 2019 to address issues relating to his military service does not contradict Respondent's testimony that he began seeing a therapist in 2021 to address issues relating to harassing conduct by Daniels and, later, Appellant. Appellant has not demonstrated prejudice from any error in excluding the letter.

IV. *Fees on Appeal*

Respondent seeks to recover his fees on appeal. We agree that Respondent is entitled to appellate fees. (§ 527.6, subd. (s) ["The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any"]; *City of Rocklin v. Legacy Family Adventures-Rocklin, LLC* (2022) 86 Cal.App.5th 713, 737 [" ' " 'A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise' " ' "].) We will remand for the trial court to determine the amount of appellate fees. (*City of Rocklin*, at p. 738.)

DISPOSITION

The order is affirmed. Respondent shall recover his costs on appeal. The matter is remanded for a determination of Respondent's appellate attorney fees.

SIMONS, J.


We concur.
JACKSON, P. J.
BURNS, J.


(A172453)